DOWNEY, Judge.
Edwina Rossi has perfected this appeal from a final judgment entered after trial by the court in her suit for declaratory and injunctive relief.
Rossi, as lessor, and Ralph and Mary Madison, as lessees, entered into a lease contract in November 1972 for a term of five years, wherein Rossi demised certain premises to the Madisons for use as a tavern and restaurant. The lease provided that the Madisons would procure a beverage license authorizing the sale of beer and intoxicating liquor. The license was to remain with the premises and in the event of default or termination of the lease the Mad-isons were to assign the license to Rossi.
In April, 1975, the Madisons contracted to sell the liquor license involved to appellee, 4245 Corporation, for the sum of $62,500 for use at premises other than those leased from Rossi. Rossi got wind of this proposed sale and on July 15,1975, her attorneys sent a letter to the State Beverage Department, with copies to the Madisons, 4245 Corporation, Frank J. Grillo, President of said corporation, and others. The letter informed its reader that counsel represented Rossi, the owner of the premises involved in the lease referred to above. Counsel stated that Rossi had “a claim against the liquor license under a certain lease agreement” and requested the Beverage Department to *979 stay any transfer of the license until the matter could be resolved. Shortly thereafter, on July 18, 1975, Rossi filed this suit.
The record indicates that the Beverage Department had approved the transfer of the license on July 11,1975. In anticipation of closing Mary Lou Madison and Frank Grillo entered into a handwritten escrow agreement, dated July 18, 1975, wherein (a) the purchase price for the license and (b) the closing documents were to be placed in escrow with lawyers for the respective parties to the agreement. This agreement reflects that its execution was deemed necessary “in view of certain claims of lien pending against the liquor license and transfer herein. . . . ” On that same day 4245 Corporation entered into another escrow agreement with the owner of premises which 4245 intended to buy and house the liquor license in question. That agreement contained, among others, the following .recitations:
WHEREAS, as part of the closing of the transaction between Buyer [4245 Corp.] and Seller, a certain 4 COP Alcb-holic Beverage License was to be issued to the Buyer from a transaction, not related to the Sales Agreement hereinbefore referred to; and
WHEREAS, the Buyer has encountered difficulties in obtaining the issuance of said 4 COP Alcoholic Beverage License; ....
On July 28, 1975, or shortly thereafter, the Beverage Department transferred the liquor license previously held by the Madi-sons to 4245 Corporation.
Rossi commenced this suit on July 18, 1975, against the Madisons, 4245 Corporation, The State Beverage Department, and the two lawyers who were acting as escrow agents of the liquor license and proceeds of the sale thereof. The complaint" sought: declaratory relief as to Rossi’s rights, an injunction against the Beverage Department and the Madisons to prevent them from transferring the license, an order requiring 4245 Corporation to return .the license to Rossi if it had already been transferred to 4245, a restraining order against the two lawyer escrow agents, and a judgment for damages against all defendants except the escrow agents in the event the transfer had been concluded.
Final judgment was entered in favor of Rossi and against the Madisons for $62,500 (the sum the Madisons received for the license). However, the trial court awarded Rossi no relief against 4245 Corporation, apparently because it found that 4245 was a bona fide purchaser of the license. Rossi was dissatisfied with the final judgment and has filed this appeal.
The points on appeal question a) the trial court’s finding that 4245 Corporation was a bona fide purchaser, and b) the trial court’s tacit approval of the Beverage Department’s transfer of the license to 4245 after Rossi had put the Department on notice of her claim.
We are convinced the trial court misinterpreted the evidence as it bears upon 4245 Corporation’s status as a bona fide purchaser of the license. The record simply does not support the conclusion that 4245 was not on notice of Rossi’s claim. While the sale of said license by the Madisons was in progress, but before any closing, Rossi put all parties on notice by her counsel’s letter of July 15, 1975, that she claimed an interest in said license under a lease agreement. After receipt of said letter 4245 Corporation closed, in escrow, both the purchase of the liquor license and the new premises where the license was to be used. The proceeds of the closings were to be held in escrow because Rossi’s claim against the license caused difficulty in obtaining its transfer. We conclude that 4245 Corporation elected to proceed with the purchase of the license in the face of Rossi’s claim that she had an interest therein under a lease. Under these circumstances the trial court should have found that 4245 Corporation was not a bona fide purchaser and the court should have entered judgment against 4245 Corporation and the Madisons, jointly and severally for $62,500.
The trial court entered judgment against the Madisons for $62,500 and no appeal has been taken on behalf of the Madisons. Ac *980 cordingly, we reverse the portion of the judgment of June 18,1980, that denied Ros-si any relief against 4245 Corporation and we remand the cause with directions that the court enter judgment for $62,500 in favor of Rossi and against 4245 Corporation so that Rossi may obtain satisfaction of her award of $62,500 from the Madisons or from 4245 Corporation.
REVERSED AND REMANDED with directions.
MOORE, J., and BARKETT, ROSEMARY, Associate Judge, concur.